**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2742
_____

UNITED STATES OF AMERICA

v.

BRANDON L. AUMILLER,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1:22-cr-00417-001)
U.S. District Judge:  Honorable Christopher C. Conner
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 29, 2026
_____

Before: SHWARTZ, PHIPPS, and RENDELL, Circuit Judges.

William H. Newman
2nd Floor
33 Nassau Avenue
Brooklyn, NY 11222

Counsel for Appellant

Katie Bagley
United States Department of Justice
Criminal Division
950 Pennsylvania Avenue NW
Washington, DC 20530

Elissa R. Hart-Mahan
United States Department of Justice
Criminal Division, Tax Section
950 Pennsylvania Avenue NW
Washington, DC 20530

Samuel R. Lyons
United States Department of Justice
P.O. Box 972
Ben Franklin Station
Washington, DC 20004

Carlo D. Marchioli
Office of United States Attorney
Middle District of Pennsylvania
Sylvia H. Rambo United States Courthouse
1501 N 6th Street, 2nd Floor
P.O. Box 202
Harrisburg, PA 17102

Joseph B. Syverson
United States Department of Justice
P.O. Box 972
Ben Franklin Station
Washington, DC 20004

Counsel for Appellee

(Filed: July 1, 2026)

_____

OPINION

_____

SHWARTZ, Circuit Judge.

Brandon L. Aumiller challenges the District Court's orders denying his motions to dismiss the indictments against him and for a judgment of acquittal. For the following reasons, we will affirm.

I

Between 2011 and 2017, the Internal Revenue Service ("IRS") attempted to collect unpaid taxes owed by Aumiller and his business. On December 8, 2022, Aumiller was indicted on two counts of tax evasion under 26 U.S.C. § 7201. The indictment and subsequent superseding indictment alleged that "[f]rom in or around August 2014 through on or about

December 12, 2016,"[1] Aumiller attempted to evade the collection of his taxes by, among other things, "[u]sing a bank account that was not disclosed to the [IRS]." App. 35, 37-39. In a bill of particulars, the Government explained that it would show Aumiller used undisclosed bank accounts to avoid the collection of his tax debt and concealed those accounts by submitting, among other things, Forms 433-A and 433-B (the "Forms"),[2] "on or about December 12, 2016, [which] were false in that they, inter alia, failed to disclose [specified bank accounts], as required." Supp. App. 29-30. Aumiller moved to dismiss both indictments, arguing the Government failed to allege he had engaged in an affirmative act to evade taxes within the six-year statute of limitations.[3] The District Court denied his motions.

At trial, the Government introduced evidence outlining the IRS's attempts to collect the unpaid tax debt. An IRS employee testified that she informed Aumiller of the collections process against him, including the imposition of levies on the bank accounts that he had previously disclosed. The Government introduced the Forms, which explicitly required Aumiller to disclose his personal and business bank

---

[1] The superseding indictment extended this time frame to "from in or around August 2014 through the time of this superseding indictment." App. 37-38.

[2] The IRS uses Forms 433-A and 433-B to collect information to assess a taxpayer's ability to pay a tax debt. United States v. Voigt, 89 F.3d 1050, 1089 (3d Cir. 1996).

[3] The Government also identified other affirmative acts of evasion, but we need not address them further because Aumiller's submission of false Forms is sufficient to sustain his conviction.

4

accounts, and witnesses explained that the Forms would be used to assess his ability to pay his tax debt. An employee of the tax resolution firm that Aumiller hired testified she sent him a letter stating he needed to disclose "all [bank] accounts." Supp. App. 59, 69. The Government also produced evidence establishing that Aumiller had personal and business accounts at M&T Bank that were not reported on the Forms, which he signed on December 12, 2016, and submitted to the IRS in early 2017.

After the close of the Government's case, the District Court denied Aumiller's motion for a judgment of acquittal.[4] The jury found him guilty on both counts. Aumiller appeals.

## II[5]

### A[6]

"Tax evasion requires the [G]overnment to prove beyond a reasonable doubt: (1) an attempt to evade or defeat a tax; (2) an additional tax due and owing; and (3) willfulness." United States v. McKee, 506 F.3d 225, 233 (3d Cir. 2007)

---

[4] Aumiller did not renew this motion at the end of his case.

[5] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

[6] In reviewing the District Court's order denying a motion to dismiss an indictment, "[w]e exercise plenary review over the district court's legal conclusions, and review any challenges to the court's factual findings for clear error." United States v. Nolan-Cooper, 155 F.3d 221, 229 (3d Cir. 1998).

(citing 26 U.S.C. § 7201). Aumiller argues the indictments should have been dismissed because the Government did not prove he engaged in an affirmative act of evasion within the six-year statute of limitations, namely after December 8, 2016.[7] See 26 U.S.C. § 6531(2) (establishing six-year statute of limitations); see also United States v. Carlson, 235 F.3d 466, 470 (9th Cir. 2000) ("[T]he six year limitations period in evasion of payment cases runs from the last act of evasion."); United States v. Payne, 978 F.2d 1177, 1179 n.2 (10th Cir. 1992) ("Several circuits have held that a prosecution under § 7201 is timely if commenced within six years of the last affirmative act of evasion."). Specifically, he contends his omission of the M&T accounts on the Forms was not an affirmative act of evasion, and, even if it were, the indictments did not sufficiently charge that conduct. We disagree because submission of the Forms was an affirmative act occurring within the statute of limitations that was sufficiently identified in the indictments and bill of particulars.

Under § 7201, "[a]n affirmative act is anything done to mislead the [G]overnment or conceal funds to avoid payment of an admitted and accurate deficiency." United States v. McGill, 964 F.2d 222, 230 (3d Cir. 1992), as amended (May 19, 1992), as amended (June 24, 1992); see also United States v. Voigt, 89 F.3d 1050, 1090 (3d Cir. 1996) ("Whereas simple nonpayment of taxes owed cannot sustain a conviction under the statute, acts intended to conceal or mislead are sufficient."). Affirmative acts include "concealment of assets or covering up

---

[7] The original indictment was returned on December 8, 2022. The parties agreed before the District Court "that the six-year statute of limitations runs from Aumiller's last affirmative act of evasion charged in the indictment." App. 29.

6

sources of income" as well as "any conduct, the likely effect of which would be to mislead or to conceal." Spies v. United States, 317 U.S. 492, 499 (1943).

Failure to report assets on the Forms would permit a taxpayer to "string the IRS along for his entire lifetime by racking up huge debts and then arranging generously slow repayment schedules using [Forms] that undersell his income and assets." United States v. Crandell, 72 F.4th 110, 114 (5th Cir. 2023). Such conduct impedes the IRS's collection of payments. Thus, we join our sister courts in holding that the filing of a Form that intentionally omitted assets from it constitutes an affirmative act of evasion.[8] See id. ("[T]he intentional filing of a false Form 433-A . . . violates 26 U.S.C. § 7201."); United States v. Pieron, No. 21-2899, 2022 WL 3867562, at *2 (6th Cir. Aug. 30, 2022) (recognizing that omissions in the Form 433 constituted "compelling evidence"

---

[8] Aumiller relies on United States v. McGill to argue his failure to disclose the M&T accounts was not an affirmative act of evasion. 964 F.2d 222 (3d Cir. 1992), as amended (May 19, 1992), as amended (June 24, 1992). In McGill, we held "unless a taxpayer is in the situation of giving voluntary admissions during an investigation or a forced response to a subpoena," the taxpayer's failure to report an account in his name . . . "cannot amount to an affirmative act of evasion." Id. at 233. McGill is inapt because that defendant did not conceal his bank account "apart from the fact that he did not inform the IRS of its existence." Id. at 234. Aumiller, on the other hand, affirmatively omitted the M&T accounts when he was asked to submit the Forms disclosing all his accounts. McGill is inapplicable to a defendant, like Aumiller, who was "giving voluntary admissions" to the IRS. Id. at 233.

7

of tax evasion (citation omitted)); United States v. Memmott, 667 F. App'x 206, 207 (9th Cir. 2016) (unpublished) ("[F]alse statements on the Form 433-A alone are sufficient evidence that [defendant] attempted to evade paying his back taxes.").[9] Accordingly, Aumiller's submission of false Forms constitutes an affirmative act of evasion.

Even then, Aumiller insists the indictments were deficient because they did not identify the use of false Forms as an affirmative act of evasion. An indictment is sufficient if it, among other things, "contains the elements of the offense intended to be charged," and "sufficiently apprises the defendant of what he must be prepared to meet." United States v. Kemp, 500 F.3d 257, 280 (3d Cir. 2007). "[N]o greater specificity than the statutory language is required so long as there is sufficient factual orientation to permit the defendant to prepare his defense . . . ." United States v. Rankin, 870 F.2d 109, 112 (3d Cir. 1989).

Aumiller was on notice that the Government intended to prove that his signing of false Forms constituted an affirmative act under § 7201 because the indictments alleged Aumiller engaged in "affirmative acts" of evasion by "[u]sing a bank account that was not disclosed to the [IRS]," App. 34-35, 38-39, and the bill of particulars stated that, "included in this category [of evidence establishing the use of undisclosed

---

[9] False statements prosecutable under a separate statute may also constitute acts of tax evasion. United States v. Beacon Brass Co., 344 U.S. 43, 46-47 (1952); see also Loughrin v. United States, 573 U.S. 351, 358 n.4 (2014) (recognizing that "substantial" overlap in criminal statutes "is not uncommon").

accounts,] are the filing of a false Form 433-A . . . and a false Form 433-B," noting the date the Forms were filed and observing they "were false in that they, inter alia, failed to disclose the M&T accounts, as required." Supp. App. 29-30.[10]

Because (1) Aumiller's omission of his M&T bank accounts on the Forms was an affirmative act as he intentionally concealed his assets from the IRS, and (2) this allegation was presented in the indictments and explicitly identified in the bill of particulars, the District Court correctly

---

[10] "[A] bill of particulars, like the indictment, is designed to define and limit the [G]overnment's case." United States v. Smith, 776 F.2d 1104, 1111 (3d Cir. 1985). "[A] bill of particulars is not part of an indictment or information and [so it] can neither add to nor subtract from the indictment nor change the crime charged." Gov't of V.I. v. Pemberton, 813 F.2d 626, 632 n.8 (3d Cir. 1987) (citations and internal quotation marks omitted). The bill of particulars here did not impermissibly add to the indictment. Rather, it more specifically described the conduct alleged in the indictments. See United States v. Dolan, 120 F.3d 856, 866 (8th Cir. 1997) (determining bill of particulars "clarified the indictment and put [defendant] on notice that the [G]overnment considered his participation" in conduct occurring within the statute of limitations period as an overt act such that the bill of particulars "did not add a necessary fact or element; rather, it elaborated upon an overt act already included in the indictment"); United States v. Cianchetti, 315 F.2d 584, 589 (2d Cir. 1963) (concluding no statute of limitations issue existed where indictment alleged criminal conduct over long period of time and bill of particulars identified specific act within that timeframe).

denied his motions to dismiss.[11]

B[12]

The District Court also correctly dismissed Aumiller's

---

[11] Aumiller analogizes his case to United States v. McKee, where we vacated defendants' § 7201 convictions after the jury was instructed that affirmative acts included "falsifying books and records . . . or failing to report to [one's] accountant all of the wages paid to employees," but the indictment there alleged only the "filing of false and fraudulent federal employment tax returns." 506 F.3d at 229-30. McKee is distinguishable because the jury instructions in that case referred to conduct never charged in the indictment. Id. at 230. The indictments here alleged Aumiller was "[u]sing a bank account that was not disclosed to the [IRS] while the [IRS] was attempting to collect" tax liabilities, App. 34-35, 38-39, and the bill of particulars identified Aumiller's submission of the Forms as an example of his nondisclosure. In explaining affirmative acts, the District Court instructed the jury that the Government alleged Aumiller "filed false financial disclosure forms with the [IRS]." App. 560. Thus, unlike the defendant in McKee, the jury instructions here did not permit "the jury to convict the [d]efendant[] for uncharged conduct." 506 F.3d at 231.

[12] We review a sufficiency challenge de novo. . . . We review the record in the light most favorable to the prosecution to determine whether any rational trier of fact could have found proof of guilt beyond a reasonable doubt. We do not

10

motion for judgment of acquittal because the Government provided sufficient evidence to permit a rational trier of fact to find beyond a reasonable doubt that Aumiller engaged in affirmative acts of evasion under § 7201.[13]

First, multiple witnesses testified that the IRS used the Forms to collect unpaid taxes.[14] Second, an IRS employee testified that she informed Aumiller about the collections process and requested he complete the Forms. Third, Aumiller was aware that the IRS had previously levied bank accounts

---

> weigh evidence or determine the credibility of witnesses in making this determination.

United States v. Hendrickson, 949 F.3d 95, 97 n.2 (3d Cir. 2020) (internal citations, alteration, and quotation marks omitted). Where a defendant

> fail[s] to renew his motion for judgment of acquittal at the end of the defense's case, [a defendant] has failed to preserve this issue for appeal. Accordingly, the alleged insufficiency of the evidence with respect to the essential elements of the offense must constitute plain error in order to warrant reversal.

United States v. Anderson, 108 F.3d 478, 480 (3d Cir. 1997) (citations omitted).

[13] Aumiller does not challenge the other elements of his § 7201 convictions.

[14] Aumiller's claim the Forms are "for use in preparing an offer in compromise, not to collect taxes due," Appellant Br. at 17, is belied by the record. Witnesses testified about the significance of the Forms in the IRS's collection efforts and the Forms themselves are entitled "Collection Information Statement." Supp. App. 60, 70.

that he had disclosed. Fourth, when the IRS requested that Aumiller complete the Forms, an employee of the tax resolution firm Aumiller hired told him he needed to disclose all of his bank accounts on the Forms. Fifth, the Government provided the jury with the Forms Aumiller submitted that omitted his M&T bank accounts as well as evidence establishing his use of those accounts at the time he signed the Forms. Thus, sufficient evidence supported the jury's conclusion that Aumiller engaged in affirmative acts of evasion.[15] See Voigt, 89 F.3d at 1090 (holding the Government need only provide "some evidence from which a jury could infer an intent to mislead or conceal beyond mere failure to pay assessed taxes; it is for the jury to determine, as a matter of fact, whether the affirmative act was undertaken, in part, to conceal funds from or mislead the government").

III

For the foregoing reasons, we will affirm.

---

[15] Even assuming the M&T accounts did not contain enough assets to satisfy his debt, and that Aumiller disclosed separate assets that were otherwise sufficient, "Congress did not define or limit the methods by which a willful attempt to defeat and evade might be accomplished," and thus an affirmative act can be "any conduct, the likely effect of which would be to mislead or to conceal." Spies, 317 U.S. at 499. Sufficient evidence supports the jury's conclusion that Aumiller's omission of the M&T accounts is an affirmative act, the likely effect of which was to mislead or conceal funds that could be used to pay down his tax debt.